UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAMON THIBODEAUX                                    CIVIL ACTION

VERSUS                                             NO: 13-5903

NEWELL NORMAND, ET AL.                             SECTION: "A" (1)

## ORDER AND REASONS

The following motions are before the Court: **Motion for Reconsideration (Rec. Doc. 33)** filed by plaintiff Damon Thibodeaux; **Motion for Reconsideration (Rec. Doc. 34)** filed by Defendants, Jefferson Parish Sheriff's Office ("JPSO") employees Lt. Steve Buras, Sgt. Dennis Thornton, Lt. Stacy Phillips, Major Walter Gorman, Lt. Maggie Snow, and Lt. Hilda Montecino, in their individual capacities, and Sheriff Newell Normand, in his official capacity as Sheriff of Jefferson Parish. Both motions are opposed. The motions, scheduled for submission on May 20, 2015, are before the Court on the briefs without oral argument.

On March 3, 2015, the Court entered a comprehensive Order and Reasons (Rec. Doc. 31) ruling on Defendants' motion for summary judgment (Rec. Doc. 31). Following a status conference held on March 19, 2015 (Rec. Doc. 32), the parties filed the instant motions for reconsideration.

### Thibodeaux's Motion for Reconsideration

Thibodeaux's motion challenges the Court's conclusion that his Fourth Amendment claim is prescribed. Thibodeaux's first argument is that discovery has not been completed and that he anticipates obtaining the kind of evidence misconduct that the Court specifically observed to be lacking in this case—evidence that could affect the prescription analysis. In its

1

original ruling the Court stated:

> The Court notes that Thibodeaux alleges in his Complaint that Defendants gave false or misleading testimony to the grand jury (Complaint ¶ 37), and that they failed to disclose evidence that would have exculpated him (*Id.* ¶ 42). Thibodeaux does not support either of these allegations factually, and in his opposition when Thibodeaux mentioned these two points he relied solely on his own unsupported allegations from the Complaint. (Rec. Doc. 22, Opposition at 24).
>
> For purposes of the *Hernandez-Cuevas* analysis vis à vis the Fourth Amendment claim, it would be significant if Thibodeaux had evidence that Defendants lied before the grand jury. Assuming that Thibodeaux was able to obtain a transcript of the grand jury proceedings in his criminal case, the Court assumes that the transcript offered no evidence of false or misleading testimony to support Paragraph 37 because otherwise Thibodeaux would have produced that evidence in opposition to Defendants' motion. If Thibodeaux was not able to obtain a transcript of the grand jury proceedings, then his allegation at Paragraph 37 of the Complaint is sheer speculation. Moreover, in light of the confession, it strains credulity that Defendants would have felt the need to fabricate any evidence to aid the State in obtaining an indictment based on the easily satisfied standard of probable cause. After all, a petit jury found Thibodeaux guilty beyond a reasonable doubt based almost entirely on the confession.
>
> The Court recognizes that discovery in this case is not complete but in light of Thibodeaux's failure to point to any evidence in support of the serious allegations made at Paragraphs 37 and 42 of the Complaint, the Court can only assume that the years of rigorous investigation conducted by Thibodeaux's team of post conviction lawyers failed to produce any evidence of perjury or a *Brady v. Maryland*, 373 U.S. 83 (1963), violation.

Rec. Doc. 31, Order & Reasons at 15-16 n.12.

Discovery in this case is ongoing. If Thibodeaux should obtain evidence of the nature that he contends does in fact exist, then he can bring it to the Court's attention via an appropriate motion. For now, Thibodeaux has not demonstrated that reconsideration is appropriate.

Thibodeaux's second argument is that the Court erred in it prescription analysis because in Louisiana prescription is tolled on a false imprisonment claim until the victim is released. Further, in Louisiana tort claims for crimes of violence are subject to a two-year liberative prescription.

In its original ruling the Court stated:

> The date that a cause of action accrues—in other words, the date that the plaintiff has a "complete and present" cause of action, and can therefore file suit

2

to obtain relief—is a question of federal law that is not resolved by reference to state law. *Wallace*, 549 U.S. at 388. Another crucial date in evaluating the timeliness of a § 1983 claim is the date that the statute of limitations (prescriptive period) begins to run against the plaintiff, and this too is governed by federal law. *See id.*; *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)). But federal law typically borrows state law tolling rules for § 1983 claims. *Wallace*, 549 U.S. at 1098 (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989); *Bd. of Regents v. Tomanio*, 446 U.S. 478-484-86 (1980)).

Rec. Doc. 31, Order & Reasons at 8-9.

The fallacy of Thibodeaux's argument on reconsideration is that he confuses tolling, which is governed by state law, with accrual, which is governed by federal law. In its original ruling the Court discussed *Wallace v. Kato*, 549 U.S. 384, 389 (2007), at length. That decision could not be clearer in that under *federal* law, a Fourth Amendment claim premised on a claim of false imprisonment accrues when the "victim" becomes held pursuant to legal process. Therefore, in this case, as a matter of federal law, Thibodeaux's Fourth Amendment claim accrued when he was indicted on July 25, 1996—not when he was released from prison. Moreover, whether the statute of limitations under state law was one or two years is of no moment because Thibodeaux did not file suit until September 20, 2013.[1]

---

[1] Any argument premised on a two-year prescriptive period for a false imprisonment claim under state law is a red herring. Again, it is undisputed that the Fourth Amendment claim accrued upon indictment on July 25, 1996, per *Wallace*. Assuming arguendo a two-year prescriptive period, and further assuming arguendo that Thibodeaux's conviction on October 3, 1997, triggered a *Heck* problem that held the statute of limitations in abeyance, Thibodeaux fails to recognize that a year and over two months of his prescriptive period had already run when he was convicted. Then once the conviction was vacated on September 27, 2012, Thibodeaux allowed almost another whole year to pass before he filed suit on September 20, 2013. Thus, in addition to confusing tolling of prescription with accrual, Thibodeaux's argument confuses tolling of prescription with interruption. In other words, there is no legal basis upon which to conclude that the conviction *interrupted* prescription such that Thibodeaux would have been entitled to a whole new two-year period to file suit after his conviction was vacated. This notwithstanding, the Court is certain that the type of false imprisonment claim that Thibodeaux alleges does not satisfy the definition of a "crime of violence" under La. R.S. § 14:2(B) for purposes of obtaining the two-year statute of limitations available under La. Civil Code article 3493.10. Thus, the Court is convinced that its original analysis under a one-year prescriptive period was the correct one. But again, whether the prescriptive period was one or two years, the Fourth Amendment false imprisonment claim is prescribed.

Thibodeaux's motion for reconsideration is DENIED.

### *Defendants' Motion for Reconsideration*

Defendants' motion for reconsideration is DENIED because Defendants raise the same arguments that the Court has already considered and rejected. Defendants' argument regarding qualified immunity, however, suggests to the Court that Defendants have misunderstood the Court's Order and Reasons regarding that defense. Regarding qualified immunity, the Court stated:

> The Court emphasizes that Defendants have not raised the defense of qualified immunity ***via the instant motion***. Defendants refer to qualified immunity at times in their memorandum but ***the Court agrees with Plaintiff's assertion the qualified immunity defense was not described or explained in sufficient detail to deem the argument properly raised at this time***. (Rec. Doc. 22, Opposition at 9 n.4).

Rec. Doc. 31, Order & Reasons at 4-5 n.7 (emphasis added).

Defendants have apparently misconstrued this statement to mean that the Court was suggesting that they had not properly invoked or raised the defense in this action. To the contrary, the Court was simply observing, as had Thibodeaux's counsel,[2] that the qualified immunity defense was not adequately briefed in the memorandum in support so as to allow the Court to pass on the defense as part of their motion for summary judgment. When

---

[2] Defendants contend that Thibodeaux's counsel had recognized that the qualified immunity issue was properly before the Court and thoroughly presented because they opposed it in their opposition. (Rec. Doc. 34-1, Defendants Memo in Support of Reconsideration at 6). The Court directs Defendants' attention to the following paragraph from Thibodeaux's original opposition:

> Plaintiff assumes that the inclusion of this legal standard [qualified immunity] was done as a "catchall," because ***defendants' claim of qualified immunity as grounds for dismissal was not described, explained, or given any legal support in Defendant's motion, memorandum, or statement of facts***. *See, e.g., Campo ex rel. N.G. v. Colvin*, No. CIV.A. 13-6263, 2014 WL5080248, at *4 (E.D. La. Sept. 26, 2014) (district court will not consider on appeal arguments not presented to Magistrate Judge). ***In an abundance of caution, however, this opposition will address the inapplicability of the doctrine in this case***.

Rec. Doc. 22, Plaintiff's Opposition at 9 n.4 (emphasis added).

4

Defendants suggested that they would move for reconsideration regarding qualified immunity, the Court had assumed that Defendants were going to heed the Court's observation at note 7 of the Order and Reasons but they have not done so, instead opting to argue that the Court erred by not taking up the defense in conjunction with the first motion. No relief on reconsideration is appropriate.[3]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the parties' **Motions for Reconsideration (Rec. Docs. 33 & 34)** are **DENIED**;

**IT IS FURTHER ORDERED** that after waiting **<u>fifteen (15) days</u>** from entry of this Order, the Clerk shall notice a scheduling conference unless Defendants have filed a notice of interlocutory appeal.

June 17, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] Defendants should note that part of the Court's purpose in making its comments at note 7 of the Order and Reasons was to allay any uncertainty that Defendants might have as to whether they should immediately appeal the Order and Reasons as to the qualified immunity defense lest they risk waiving an opportunity for an interlocutory appeal on the issue. The Court was therefore intentionally explicit in informing all counsel that qualified immunity had not been considered as part of the Order and Reasons. Again, this was done to protect Defendants. *If, however, Defendants continue to believe that the qualified immunity defense was improperly denied, then the Court would strongly urge Defendants to exercise their right to an interlocutory appeal on the issue.*